IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR DIAMOND,

      Plaintiff,                             No. CIV S-09-1110 MCE DAD PS

     vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, et al.,                      FINDINGS AND RECOMMENDATIONS

      Defendants.
                               /

         This case came before the undersigned on June 19, 2009, for hearing of defendant State Farm's May 7, 2009 motion to dismiss the second cause of action of plaintiff's complaint, alleging professional negligence, pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure (Doc. No. 14) and plaintiff's May 15, 2009 motion to remand this action to the Sacramento County Superior Court (Doc. No. 18).  Plaintiff Arthur Diamond, proceeding pro se, appeared on his own behalf.  Robert S. McLay appeared as counsel for moving defendant State Farm.  Timothy Lord appeared as counsel for defendant Mediterranean Shipping.  After hearing the parties' arguments, the motions were taken under submission.

         For the reasons set forth below, the undersigned will recommend that plaintiff's motion for remand be granted and that this action be remanded back to the Sacramento County

1

1  Superior Court.  In light of that recommendation, based on the lack of federal jurisdiction, the
2  undersigned will also recommend that defendant State Farm's motion to dismiss plaintiff's
3  second cause of action be denied as being rendered moot if these findings and recommendations
4  are adopted with respect to the motion to remand.  Nonetheless, recognizing that the assigned
5  district judge may not adopt the recommendation with respect to remand, the undersigned will
6  address the merits of the motion to dismiss so that this action may proceed forward in either
7  event.

## BACKGROUND

In his complaint, plaintiff alleges as follows.  In September of 2006 he owned a 1999 Mercedes Benz which he insured with defendant State Farm.  (Decl. of Timothy R. Lord re Notice of Removal (Doc. No. 2), Ex. A (hereinafter "Compl.") at 3.)   Under that insurance policy, the contents of the vehicle were also covered.  (Id.)   A man posing as a shipping agent agreed to arrange for transport of plaintiff's vehicle and its contents to Uganda.[1]  (Id.)  Soon after releasing his vehicle and its contents to the man, plaintiff realized that he was the victim of a scam.  (Id.)   Plaintiff reported the theft to the Elk Grove Police Department and to defendant State Farm.  (Id.)  By October of 2006 police informed plaintiff and defendant State Farm that the stolen vehicle appeared to be in the possession of defendant Mediterranean Shipping in Houston, Texas but that Mediterranean was not cooperating in the investigation nor were they identifying who had delivered the vehicle and its contents for shipment.  (Id.)   Following additional efforts by plaintiff in October of 2006, defendant Mediterranean eventually confirmed that among the contents of one of its containers bound for Tanzania, not Uganda, was a vehicle fitting the description of plaintiff's Mercedes Benz.  (Id. at 4.)  However, Mediterranean indicated that it would release the container only to the individual who produced a bill of lading for the container and refused to identify the persons who had arranged for the shipment despite being informed

---

[1] In the briefing filed by plaintiff in connection with these motions, he identities the man who defrauded him in this way as a "Charles Boateng."

that the vehicle had been reported stolen.  (Id.)  In the meantime, defendant State Farm continued to collect monthly premium payments from plaintiff while at the same time taking the position that the loss of the vehicle under these circumstances did not constitute a theft and that since the vehicle had now been transported outside of the United States, they were no longer liable under the auto policy for any loss suffered.  (Id. at 5.)  In addition, defendant State Farm claimed that the policy did not cover items inside the stolen vehicle, at least in part because the initial police report regarding the theft did not list those items. (Id.)   Later, representatives of defendant State Farm advised plaintiff that his vehicle and its contents had been located at a Mediterranean container yard in Tanzania but refused to take action to recover the vehicle.  (Id.) Representatives of defendant Mediterranean refused to cooperate with INTERPOL in recovering plaintiff's vehicle from the yard in Tanzania. (Id. at 6.)  As a result, plaintiff  lost his vehicle and all of its contents (electronic equipment, home appliances, clothing and other items) with a total value of over $186,000 and suffered the infliction of emotional distress.   (Id. at 6-8.)

Based on these allegations plaintiff has asserted the following causes of action: (1)  breach of contract against defendant State Farm; (2) professional negligence against defendant State Farm and Mediterranean; (3) causing financial loss by acting in bad faith against defendants State Farm and Mediterranean; and (4) intentional infliction of emotional distress and unjust enrichment against defendants State Farm and Mediterranean.  (Id. at 8-23.)  Plaintiff seeks an award of damages in excess of $276,000 with interest along with the recovery of costs and attorney fees. (Id. at 23.)

Plaintiff filed his complaint in the Sacramento County Superior Court on January 12, 2009. On April 21, 2009, defendant Mediterranean removed the action to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1446. (Doc. No. 1.)[2]  Mediterranean asserted that removal was appropriate because this court had federal question jurisdiction over this action pursuant to

---

[2] Counsel on behalf of defendant State Farm consented to and supported the removal of the action to this court. (Doc. No. 4.)

1  28 U.S.C. § 1331.  (Id. at 3.)  Specifically, defendant Mediterranean contended that plaintiff
2  Diamond had contracted for the transportation by sea of his property to Uganda and had sued
3  Mediterranean as a common carrier for loss and damage to that personal property.  (Id. at 2.)
4  According to the notice of removal, the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. §
5  30701, preempts all claims under state law for the carriage of goods by sea to or from the ports of
6  the United States in foreign trade and exclusive jurisdiction over plaintiff's claim against
7  Mediterranean lies in federal court.  (Id. at 2-3.)

PLAINTIFF'S MOTION FOR REMAND

I. Arguments of the Parties

In moving for remand, plaintiff argues that he never signed a contract or a Bill of Lading with Mediterranean for the shipment of his belongings overseas and is not suing Mediterranean as a "common carrier."  (Mot. for Remand at 3-4.)  Rather, plaintiff contends that his claim against Mediterranean is based upon professional negligence, causing financial loss and infliction of emotional distress all based on his allegation that Mediterranean shipped his stolen belongings overseas based on a contract entered into by Charles Boateng purportedly on plaintiff's behalf even though Mediterranean had been informed that the goods in question were, in fact, stolen.  (Id. at 9-10.)  Plaintiff denies that he is seeking relief under COGSA and professes he has alleged only claims under California law based on his allegations that Mediterranean failed to take reasonable action to return his stolen property to him after they were contacted by law enforcement and himself.  (Id. at 9-10, 19.)  Plaintiff concludes that defendant Mediterranean has not met its burden of establishing that the removal was proper since all ambiguities are to be resolved in favor of remand to the state court.  (Id. at 25-29.)

Defendant Mediterranean opposes the motion to remand, arguing that plaintiff's claim against it is clearly preempted by COGSA.  In this regard, Mediterranean contends that plaintiff admits he instructed a shipping agent to arrange for the transportation of his vehicle and its contents overseas to Uganda but claims that he was "conned" by the shipping agent who had

4

the goods diverted to Tanzania. (Opp'n at 3.) Mediterranean points to plaintiff's complaint filed in state court which identifies Mediterranean as a "common carrier" that failed to inspect and verify ownership of the cargo and failed to take reasonable steps to return plaintiff's property to him. (Id.) (citing Compl. at ¶¶ 48, 50-52). Mediterranean also points to the November 5, 2006 Bill of Lading for the shipment in question which reflects that the container was to be loaded on board in Houston, Texas and discharged at the port of Dar Es Salaam, Tanzania with the consignee and party to notify listed as plaintiff Arthur Diamond. (Id.) (citing Ruiz Decl. (Doc. No. 21), Exs. 1 and 4).[3] In light of the Bill of Lading, Mediterranean contends that all of its rights and liabilities in connection with the shipment are governed by COGSA regardless of whether plaintiff or his purported agent was the signatory to the Bill of Lading. (Id. at 4.) According to Mediterranean, the total preemptive effect of COGSA provides an exception to the well-pleaded complaint rule and plaintiff cannot avoid removal to federal court simply by omitting from his complaint reference to federal law or by claiming to rely solely on state law in advancing his claims. (Id. at 5.)

II. Analysis

The federal removal statute permits the removal from state court to federal court of cases that might have been filed in federal court originally. See 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). "If there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus v. Miles, Inc., 980 F.2d 564, 566

---

[3] Defendant Mediterranean asserts that it complied with the terms of the Bill of Lading for shipment of the goods overseas.

(9th Cir. 1992). If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

In opposing remand, defendant Mediterranean relies to a substantial degree upon the decision in Continental Insurance Co. v. Kawasaki Kisen Kasha, Ltd., 542 F. Supp. 2d 1031 (N.D. Cal. 2008). That case involved a state court action brought by an insurance company against the defendant shipping company for damage to cargo under a bill of lading for the seaborne carriage of plums from Oakland, CA to Hong Kong. 542 F. Supp. 2d at 1032-33. The defendant removed the action to federal court asserting that the controversy was governed by COGSA. Plaintiff then moved to remand the action to state court. The district court found that there was no binding authority addressing the question of whether COGSA completely preempts state law and recognized that there was a split among those courts to have addressed the issue. Id. at 1034. The district court concluded as follows:

> This order will follow the Eleventh Circuit's decision in Polo Ralph Lauren, L.P. and hold that COGSA provides an exclusive remedy and therefore completely preempts state law. First, the text of COGSA implies that Congress intended to supersede other laws, thereby providing an exclusive remedy. Second, COGSA sets forth the kind of comprehensive regulatory scheme that the Supreme Court found to provide an exclusive remedy in Beneficial National Bank v. Anderson, 539 U.S. at 10, 123 S.Ct. 2058. Third, the Supreme Court's recent opinion in Norfolk Southern Railway Co. v. Kirby makes clear that state law must yield to COGSA where it applies. 543 U.S. 14, 28-29, 125 S. Ct. 385, 160 L. Ed.2d 283 (2004). In short, COGSA leaves no state remedy in its wake; it provides an exclusive remedy and is therefore completely preemptive. Here are the details.
>
> Although COGSA is silent on its preemptive scope, the text of the statute implies that Congress intended for COGSA to supersede other laws and provide an exclusive remedy. Polo Ralph Lauren, L.P., 215 F.3d at 1220.

542 F. Supp. 2d at 1034.

The undersigned finds this reasoning to be persuasive and that would be the end of the matter except for the following. The district court in Kawasaki Kisen Kasha, Ltd. went on to recognize that:

6

> By its terms, COGSA applies between the tackles - in other words, while the cargo is physically on board the ship. The statute explicitly preserves laws that apply before or after this tackle-to-tackle period (46 U.S.C. 30701):
>
>> Nothing in this chapter shall be construed as superseding any part of sections 190 to 196 of this title, or of any other law which would be applicable in the absence of this chapter, insofar as they relate to the duties, responsibilities, and liabilities of the ship or carrier prior to the time when the goods are loaded on or after the time they are discharged from the ship.
>
> By expressly stating that the law does not supersede laws outside the tackle-to-tackle period, Congress evidenced an assumption that COGSA does supersede laws during the tackle-to-tackle period. The Eleventh Circuit adopted this interpretation in Polo Ralph Lauren, L.P. where it held that COGSA provides the exclusive remedy for goods lost or damaged at sea. 215 F.3d at 1220. Pointing to the passage quoted above, the Eleventh Circuit concluded that COGSA preempted claims of negligence, breach of contract, and bailment. Because COGSA governs during the time after cargo is loaded and before it is removed from the ship, the implication from this provision is that COGSA, when it applies, supersedes other laws. Ibid.

542 F. Supp. 2d at 1034-35 (emphasis added). The fact that COGSA preemption is limited to acts undertaken during the tackle-to-tackle period, and claims arising as a result, is well-recognized. See Regal-Beloit Corp. v. Kawasaki Kisen Kasha, Ltd., 557 F.3d 985, 991 (9th Cir. 2009) ("By its terms, COGSA covers transport between a foreign and American port 'from the time when the goods are loaded on to the time when they are discharged from the ship' - commonly referred to as 'tackle-to-tackle.'") (quoting 46 U.S.C. § 30701, Notes, Sec. 1(e)); Smallwood v. Allied Pickfords, LLC, et al., No. 08cv2196 BTM (RBB), 2009 WL 3247180, at *10 fn. 6 (S.D. Cal. Sept. 29, 2009) ("Plaintiff contends, and it appears from the face of his Complaint, that none of his claims relate to wrongful actions or damages occurring at sea. Moreover, in their Opposition to Plaintiff's Motion to Remand, Defendants do not refute Plaintiff's argument that COGSA is irrelevant. Therefore, the Court concludes that Defendants have not met their burden of establishing federal subject matter jurisdiction based on COGSA.");

1 Windchaser Products, Inc. v. Dyna International Shipping, Ltd., No. CV 09-6470 DSF (Ssx),
2 2009 WL 3245790, at *1 (C.D. Cal. Oct. 6, 2009) (remanding action removed under COGSA to
3 the Superior Court because defendant had not established the existence of a federal claim where
4 it was unclear whether the alleged damage was incurred during the tackle-to-tackle period).

It is this latter issue which defendant Mediterranean has failed to address. Moreover, a review of plaintiff's complaint makes it clear that his claims against defendant Mediterranean are based on its actions, or failure to act, either before or after the tackle-to-tackle period but not during that period. It is important to note that Mediterranean represents that it issued the Bill of Lading with respect to plaintiff's goods on November 5, 2006. (Ruiz Decl. at 2.) Thus, the tackle-to-tackle period could not have commenced prior to that date. In his complaint, plaintiff alleges that in October of 2006, Mediterranean was contacted about the theft of his property but refused to cooperate with the police or plaintiff. (Compl. at 3-4.) Moreover, plaintiff alleges that he requested that Mediterranean return the property to him or turn it over to police in Houston, Texas or elsewhere and that Mediterranean refused. (Compl. at 4-5.) It is obvious that in so alleging plaintiff is referring to a time period when the property was still in Houston, Texas and before it had been loaded on a vessel for shipment. Moreover, plaintiff alleges that after his vehicle and other property arrived at Mediterranean's facility in Tanzania, Mediterranean continued to refuse to release the property to either plaintiff or to INTERPOL authorities. (Compl. at 6-7.) Again, this allegation involves a time after the tackle-to-tackle period. Based upon these allegations, plaintiff seeks to recover against defendant Mediterranean for professional negligence, causing financial loss and emotional distress. (Compl. at 13-21.)

The fact that in his complaint plaintiff identifies defendant Mediterranean as a "common carrier" is irrelevant to the issue pending before the court. It is clear that plaintiff's allegations, and the causes of action based thereon, against Mediterranean do not involve the tackle-to-tackle period. Plaintiff is not alleging that his property was mishandled or damaged during shipment on the open seas. He is alleging that defendant Mediterranean is liable because

it did not turn the property over to plaintiff or law enforcement authorities in the United States prior to shipment or in Tanzania after its arrival there.  Whatever the merits of plaintiff's claims in this regard, they are not claims that are preempted by COGSA; nor are they claims over which the federal courts have exclusive jurisdiction on that basis.  Because defendant Mediterranean has failed to meet its burden of establishing federal jurisdiction and because the removal statute is to be strictly construed against removal jurisdiction, the undersigned will recommend that plaintiff's motion for remand be granted.  See Luther, 533 F.3d at 1034; Prize Frize Inc., 167 F.3d at 1265; see also Smallwood, 2009 WL 3247180, at *10 fn. 6; Windchaser Products, Inc., 2009 WL 3245790, at *1.

DEFENDANT STATE FARM'S MOTION TO DISMISS

As noted above, in light of the recommendation that plaintiff's motion for remand be granted, the undersigned will also recommend that defendant State Farm's motion to dismiss plaintiff's second cause of action against it for professional negligence be denied as moot. However, in recognition that the recommendation for remand may not be adopted and in order to allow this case to proceed in that event, the court will address the merits of the motion to dismiss below.

I. Applicable Legal Standards

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

/////

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

On a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings). Of course, a court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).[4]

---

[4] Defendant State Farm requests that this court take judicial notice of various documents filed in the state court action prior to removal to this court. Those requests will be granted.

II.  Parties' Arguments

Defendant State Farm argues that the second cause of action in plaintiff's complaint filed in the Sacramento County Superior Court, alleging professional negligence, should be dismissed with prejudice because it fails to state a cause of action.  In this regard, State Farm contends that it cannot be held liable for professional negligence (as opposed to breach of contract or bad faith) based on its handling of an insurance claim. (Mot. at 3).[5]

In his lengthy opposition to the motion to dismiss, plaintiff argues that defendant State Farm and its agents owed him a duty of care (i.e., a duty to act in accordance with insurance professional standards) under his policy with them and that they breached that duty.  Plaintiff contends that he may pursue separate causes of action against defendant State Farm for bad faith and professional negligence. (Opp'n at 27-28.)

III.  Analysis

The issue presented by the pending motion to dismiss has been addressed by other district courts in California.  Thus, in Unical Enterprises, Inc. v. The Amercian Insurance Co., et al., No. CV 05-3511 CBM (PJWx), 2005 WL 6133910 (C.D. Cal. Sept. 12, 2005), plaintiff sued its insurance company for negligence along with breach of an insurance contract and other causes of action based on the insurer's handling of the sale of salvaged goods in connection with an insurance claim submitted by plaintiff.  In considering the defendant insurer's motion to dismiss plaintiff's negligence cause of action, the district court concluded as follows:

> Under California law negligence is not among the theories of recovery generally available against *insurers*" Sanchez v. Lindsey Morden Claims Services, Inc., 72 Cal. App.4th 249, 254, 84 Cal. Rptr. 2d 799 (Cal. Ct. App.1999) (emphasis in original); Tento Int'l, Inc., v. State Farm Fire & Cas. Co., 222 F.3d 660, 664 (9th Cir.2000) (noting unlikely viability of claim for negligent handling of insurance claim because Californian courts do not generally

---

[5] Specifically, defendant relies on the decisions in Brown v Guarantee Insurance Co., 155 Cal. App. 2d 679 (1957), Palmer v. Financial Indemnity Co., 215 Cal. App. 2d 419 (1963), Adelman v. Associated International Ins. Co., 90 Cal. App. 4th 352 (2001), and Tento International, Inc. v. State Farm, 222 F.3d 660, 664 (9th Cir. 2000).

> recognize a claim of negligence against insurers). Since the relationship between the insured and the insurer under such circumstances closely approximates that of principal and agent or beneficiary and trustee, most courts have based liability upon bad faith rather than upon negligence. Brown v. Guarantee Insurance Co., 155 Cal. App.2d 679, 687, 319 P.2d 69 (Cal. Ct. App.1957).
>
> * * *
>
> Plaintiff has not provided any legal support for why it should be allowed to pursue a negligence claim in this case despite the general rule that negligence actions are not permitted against insurers. Despite the open-ended language of California courts that negligence actions generally do not lie against insurers, there is no case law that provides a guide for when such exceptions are appropriate. Accordingly, the Court GRANTS American's motion to dismiss Plaintiff's first cause of action for negligence WITH PREJUDICE.

2005 WL 6133910, at *2.

Likewise, in granting a defendant insurer's motion for summary judgment on an insured's negligence claim that was based upon an alleged failure to properly investigate a claim, another California district court has observed:

> Plaintiffs do not cite a single example where a court has found an insurer's failure to properly investigate capable of supporting a separate negligence cause of action under California law. Instead, Plaintiffs urge the Court to rely on fundamental tort principles to recognize its negligence claim. The Court finds doing so would be an expansion unwarranted by California case law and declines to do so.

Everett Associates, Inc. v. Transcontinental Insurance Co., 159 F. Supp.2d 1196, 1204 (N.D. Cal. 2001).

The analysis of the issue by these district courts is applicable and persuasive here. Under California law the general rule is that an insured may not proceed on a separate negligence claim against an insurer. Plaintiff has cited no example of a court ruling to the contrary, nor has he presented argument that would make an exception to that general rule appropriate here in light of his other claims against defendant State Farm. Accordingly, if the undersigned's recommendation of remand is not adopted and the pending motion to dismiss is not rendered

moot, plaintiff's professional negligence claim against defendant State Farm should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's May 15, 2009 motion for remand (Doc. No. 18) be granted and this action be remanded to the Sacramento County Superior Court;

2. Defendant State Farm's motion to dismiss the professional negligence cause of action of plaintiff's complaint (Doc. No. 14) be denied as moot in light of the recommended remand; and

3. This action be closed.

DATED: March 31, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.prose\diamond1110.rr.remand.dismiss