IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR DIAMOND,

      Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,

      Defendants.

No. CIV S-09-1110 MCE DAD PS

ORDER

/

      Defendant State Farm Mutual Automobile Insurance Company (State Farm) has noticed a motion for summary judgment for hearing on May 28, 2010, the last day on which such a motion may be heard pursuant to the scheduling order filed in this action on September 15, 2009 (Doc. No. 47).[1] However, on March 31, 2010, the undersigned issued findings and recommendations recommending that plaintiff's motion to remand this action to state court be granted on the grounds that plaintiff's claims did not relate to the "tackle to tackle" period and defendant Mediterranean Shipping had failed to establish the applicability of COGSA

---

[1] The Status (Pretrial Scheduling) Order filed on September 15, 2009 was amended on October 14, 2009 solely with respect to the trial date. (Doc. No. 53.) By minute orders filed December 22, 2009, and January 25, 2010, the assigned district judge re-set Final Pretrial Conference for March 15, 2012, and trial for May 14, 2012. (Docs. No. 54 & No. 55.)

1

preemption. The assigned district judge has not yet had an opportunity to resolve the motion for remand or defendant State Farm's motion to dismiss one of plaintiff's claims. Moreover, on April 14, 2010, counsel for defendant Mediterranean Shipping filed objections to the pending findings and recommendations. Therein, counsel argued for the first time that while COGSA on its face is limited in its application to the tackle to tackle period, here the parties had contractually extended its application to all times before loading and after discharge so long as the goods were in the custody and control the carrier through the Paramount Clause of the bill of lading. Obviously, this argument should have been advanced by counsel for Mediterranean in a timely fashion. However, if counsel's claim is correct, it appears that the findings and recommendations recommending remand should be vacated and new findings and recommendations should be issued. Plaintiff has not responded to defendant Mediterranean's objections.

Under the circumstances described above, the court will direct plaintiff to respond to defendant Mediterranean's objections, or state in writing that he has no objection to the denial of his motion for remand, within fourteen days of the date of this order. The court also finds good cause to modify the pretrial scheduling order with respect to the deadline for completion of law and motion practice.

Accordingly, IT IS ORDERED that:

1. Within fourteen days of the date of this order plaintiff shall file a response to defendant Mediterranean's April 14, 2010, objections or state in writing that he has no objection to the denial of his motion for remand.

2. The May 28, 2010 deadline for law and motion practice established in the Status (Pretrial Scheduling) Order filed on September 15, 2009 (Doc. No. 47) is vacated. That deadline will be re-set, if appropriate, after plaintiff's pending motion to remand and defendant State Farm's motion to dismiss a claim have been resolved. No other dates established by the September 15, 2009 Pretrial Scheduling Order will be modified by this order.

3.  Defendant State Farm's April 29, 2010 motion for summary judgment (Doc. No. 62) will be dropped from the court's calendar at this time subject to re-noticing, if appropriate, following ruling on the motion for remand.

DATED: May 6, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\diamond1110.mod.l&m